IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXIS REINSURANCE COMPANY, | ) Case No. 12-2979 SC |
| Plaintiff, | ) ORDER GRANTING IN PART AND ) DENYING IN PART MOTION FOR |
| v. | ) LEAVE TO FILE SECOND ) AMENDED COUNTERCLAIM |
| TELEKENEX, INC.; ANTHONY ZABIT; KAREN SALAZAR; BRANDON CHANEY; DEANNA CHANEY; MARK PRUDELL; JOY PRUDELL; MARK RADFORD; NIKKI RADFORD; JOSHUA SUMMERS; JULIA SUMMERS; IXC HOLDINGS, INC.; STRAITSHOT COMMUNICATIONS, INC.; and STRAITSHOT RC, LLC, | ) |
| Defendants. | ) |

Axis Reinsurance Company ("Axis") brings this action against the above-captioned Defendants to obtain a judicial declaration that the insurance policy it issued to Telekenex, Inc. does not cover any amounts awarded in an underlying action captioned Straitshot Communications, Inc. v. Telekenex, Inc., et al., No. C10-268 TSZ (W.D. Wash). Defendants Telekenex, Inc., IXC Holdings, Inc., Anthony Zabit, Karen Salazar, Brandon Chaney, and Deanna Chaney (the "Telekenex Defendants") now move for leave to file a

second amended counterclaim. ECF No. 85 ("Mot."). The amended pleading would add one new fact paragraph and a sixth entitlement to relief under Washington's Insurance Fair Conduct Act, Wash Rev. Code § 48.30. Plaintiff Axis Reinsurance Company ("Axis") opposes the motion on the ground that the amended pleading would be futile, ECF No. 90 ("Opp'n), and the Telekenex Defendants have filed a reply in support of the motion, ECF No. 92 ("Reply"). The Court finds this matter appropriate for determination without oral argument. Civ. L.R. 7-1(b). For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading as a matter of course within twenty-one days after serving it or twenty-one days after the filing of a responsive pleading or a Rule 12(b), (e), or (f) motion. Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and the Ninth Circuit has stressed Rule 15's policy of favoring amendments. Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). However, leave need not be granted "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Id.

The Court finds that the Telekenex Defendants' proposed new cause of action would be futile in light of the Court's prior ruling. Telekenex seeks to add a new counterclaim under Washington's Insurance Fair Conduct Act. However, in ruling on

2

Axis's prior motion for partial summary judgment, the Court already found that California's insurance statute, rather than Washington law, governed the Telekenex Defendants' insurance claims. ECF No. 68 ("Dec. 19 Order") at 18-21.[1] As the Telekenex Defendants argue, "a separate conflict of laws inquiry must be made with respect to each issue in the case." Wash. Mut. Bank, FA v. Super. Ct., 24 Cal. 4th 906, 920 (Cal. 2001). However, the Telekenex Defendants fail to enunciate why the choice-of-law issues presented here differ from those at issue in the Court's prior ruling. In that ruling, the Court used the governmental-interest analysis to determine that California Insurance Code section 533 applied to this case. Dec. 19 Order at 18-21. Unsurprisingly, that choice-of-law analysis is practically identical to the analysis for determining the applicability of the Washington Insurance Fair Conduct Act.[2] The Court's prior analysis is now the law of the case, and the Court declines to depart from it.

The only other amendment proposed by the Telekenex Defendants is the addition of a single fact paragraph. See ECF No. 86-1 ("Proposed Second Amended Counterclaim") ¶ 64 ("Axis has breached its duties, resulting in actual harm and consequential damages to

---

[1] Axis Reinsurance Co. v. Telekenex, Inc., -- F. Supp. 2d. --, 2012 WL 6632180, 2012 U.S. Dist. LEXIS 179647 (N.D. Cal. 2012).

[2] Under the governmental-interest analysis, the Court must first determine whether the applicable law of California and Washington materially differ. Frontier Oil Corp. v. RLI Ins. Co., 153 Cal. App. 4th 1436, 1442-43 (2007). There does not appear to be any dispute that they do. Under the second and third steps the Court needs to determine whether both California and Washington have an interest in applying their own law and, if they do, which state's interest would be more impaired if its law were not applied. Id. at 1454-55. The Court already addressed these issues at length in its prior order, See Dec. 19 Order at 19-21, and does not revisit them here.

3

the Telekenex Defendants in an amount to be proven at trial."). Axis does not oppose this amendment and there is no indication that it is contrary to the Court's prior ruling. According, the Court GRANTS the Telekenex Defendants leave to add this paragraph.

Axis also objects to the Telekenex Defendants' proposed second amended counterclaim on the ground that a number of its other paragraphs are contrary to the Court's December 19 Order. Opp'n at 9-11. That may be so, but these paragraphs appeared in the Telekenex Defendants' original pleading and, thus, do not constitute amendments. Compare ECF No. 65 ("Counterclaim") with Proposed Second Amended Counterclaim. Accordingly, the Court declines to strike them now.

For the foregoing reasons, the Telekenex Defendants' motion for leave to amend is GRANTED in part and DENIED in part. The Telekenex Defendants may amend their counterclaim to add the proposed paragraph 64. However, they may not amend to plead a new cause of action under the Washington Insurance Fair Conduct Act.

IT IS SO ORDERED.

Dated: April 10, 2013

UNITED STATES DISTRICT JUDGE

4