United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXIS REINSURANCE COMPANY, | ) Case No. 12-2979 SC |
| | ) |
| Plaintiff, | ) ORDER DENYING MOTION FOR |
| | ) ENTRY OF JUDGMENT UNDER |
| v. | ) RULE 54(b) |
| | ) |
| TELEKENEX, INC.; ANTHONY ZABIT; | ) |
| KAREN SALAZAR; BRANDON CHANEY; | ) |
| DEANNA CHANEY; MARK PRUDELL; JOY | ) |
| PRUDELL; MARK RADFORD; NIKKI | ) |
| RADFORD; JOSHUA SUMMERS; JULIA | ) |
| SUMMERS; IXC HOLDINGS, INC.; | ) |
| STRAITSHOT COMMUNICATIONS, INC.; | ) |
| and STRAITSHOT RC, LLC, | ) |
| | ) |
| Defendants. | ) |

I.   **INTRODUCTION**

On December 19, 2012, the Court granted in part and denied in part Plaintiff Axis Reinsurance Company's ("Plaintiff") motion for partial summary judgment.  ECF No. 68 ("Dec. 19 Order").[1]  Based on that Order, Defendants Telekenex, Inc. ("Telekenex"), IXC Holdings, Inc. ("IXCH"), Anthony Zabit, Karen Salazar, Brandon Chaney, and Deanna Chaney (collectively, the "Telekenex Defendants") now move

_____

[1] Axis Reinsurance Co. v. Telekenex, Inc., -- F. Supp. 2d --, 2012 WL 6632180, 2012 U.S. Dist. LEXIS 179647 (N.D. Cal. 2012).

**United States District Court**
For the Northern District of California

1    for entry of judgment pursuant to Federal Rule of Civil Procedure
2    54(b).  ECF No. 94 ("Mot.").  The Motion is fully briefed, ECF Nos.
3    99 ("Opp'n"), 102 ("Reply"), and suitable for determination without
4    oral argument, Civ. L.R. 7-1(b).  For the reasons set forth below,
5    the Motion is DENIED.

6

7    **II.   BACKGROUND**

8        In 2008, one of Telekenex's Washington-based competitors,
9    Straitshot Communications, Inc. ("Straitshot"), sued Telekenex and
10   a number of the other Telekenex Defendants in a case captioned
11   Straitshot Communications, Inc. v. Telekenex, Inc., et al., No.
12   C10-268 TSZ (W.D. Wash.) (the "Straitshot action").  Dec. 19 Order
13   at 4.  Straitshot alleged that a number of the Telekenex Defendants
14   stole its trade secrets and confidential customer information and
15   covered up this theft by destroying evidence.  Id.  The jury
16   returned a $6.49 million verdict in favor of Straitshot, finding
17   for Straitshot -- in whole or in part -- on its claims for breach
18   of contract, breach of the duty of loyalty, interference with
19   contractual relations, and violation of Washington's Consumer
20   Protection Act.  Id. at 5.  The Court later entered spoliation
21   sanctions against Telekenex in connection with its destruction of
22   evidence.  Id. at 6.

23       The instant action arises out of a dispute over whether the
24   damages awarded and defense costs incurred in connection with the
25   Straitshot action are covered by an insurance policy Plaintiff
26   issued to Telekenex (the "Policy").  Plaintiff's amended complaint
27   asserts eight counts, including six counts for declaratory relief.
28   ECF No. 15 ("Am. Compl.").  Specifically, Plaintiff asks the Court

to declare the following: (I) the Policy's "unlawful advantage exclusion" bars coverage; (II) California Insurance Code section 533 bars coverage; (III) the spoliation sanctions are not covered because they do not constitute a "Loss" under the terms of the Policy; (IV) the finding that Defendants Mark Prudell and Joshua Summers, who formerly worked for Straitshot, breached their duty of loyalty to Straitshot does not trigger coverage for them or their spouses; (V) IXCH is not an insured under the Policy; and (VI) the proper allocation of amounts covered and uncovered by the Policy. Id. ¶¶ 40-73.  Plaintiff's remaining two counts seek reimbursement from the Telekenex Defendants under theories of equitable indemnity and restitution for amounts Plaintiff paid in connection with its coverage of the Straitshot action.

On December 19, 2012, the Court granted in part and denied in part Plaintiff's motion for summary judgment on Counts I, II, and V.  As to Count I, the Court found that the Policy's "unlawful advantage exclusion barred" coverage for the $6.49 million judgment but not the spoliation sanctions, and rejected the Telekenex Defendants' argument that Plaintiff is estopped from asserting the exclusion because it purportedly failed to inform the Telekenex Defendants of their right to independent counsel.  Id. at 14-18. With respect to Count II, the Court found that California law -- as opposed to Washington law -- governed the dispute and that California Insurance Code section 533 barred coverage for the $6.49 million judgment but not the spoliation sanctions.  Id. at 18-24. The Court also ruled in favor of Plaintiff on Count V, finding that IXCH is not covered under the Policy because IXCH is not named as an insured and did not automatically acquire a right to coverage

3

**United States District Court**
For the Northern District of California

when it agreed to purchase Telekenex's assets.[2]  Id. at 25.

The Telekenex Defendants have answered Axis's Amended Complaint and asserted five counterclaims.  ECF No. 69 ("Telekenex Answer").  The first counterclaim seeks a judicial declaration that Axis is estopped from denying coverage, that Axis may not allocate between covered and uncovered claims, and that Axis must fully reimburse the Telekenex Defendants for the costs and damages associated with the Straitshot action.  Id. ¶ 56.  The second and third counterclaims are for breach of contract and negligence.  Id. ¶¶ 57-63.  The fourth counterclaim asserts that Plaintiff engaged in bad faith and breached its statutory and regulatory duties under Washington law by, among other things, wrongfully asserting that California law applies and failing to inform the Telekenex Defendants of their right to independent counsel.  Id. ¶¶ 64-72.  The fifth counterclaim, pled in the alternative, asserts that Plaintiff engaged in bad faith under California law.[3]  Id. ¶¶ 73-76.

The Telekenex Defendants now move under Rule 54(b) for a determination that the Court's December 19 Order constitutes a final judgment with respect to coverage under the Policy for the $6.49 million Straitshot judgment.

///

///

---

[2] The Telekenex Defendants subsequently moved for reconsideration of the December 19 Order.  ECF No. 83.  That motion was denied.  ECF No. 88.

[3] The Telekenex Defendants recently moved for leave to amend their answer to add a new counterclaim under Washington's Insurance Fair Conduct Act.  ECF No. 85.  The Court denied that motion finding that the proposed amendment would be futile in light of the Court's earlier finding that California law governs this dispute.  ECF No. 101.

**III. LEGAL STANDARD**

Rule 54(b) allows a district court to direct entry of final judgment for the purpose of appeal as to one or more, but fewer than all, claims if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). The application of Rule 54(b) is governed by a two-step process. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980). First, the court must determine whether it is dealing with a final judgment. Id. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Second, the Court must determine whether there is any just reason for delay, "tak[ing] into account judicial administrative interests as well as the equities involved." Id. at 8. This step is necessary to preserve the long-standing policy against piecemeal appeals. Id. Accordingly, the Court may properly "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. The existence of counterclaims does not render Rule 54(b) certification inappropriate. Id. at 9. "[Counterclaims'] significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought." Id.

///

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

## IV.   <u>DISCUSSION</u>

The Court finds that its December 19 Order does not fall within the ambit of Rule 54(b).  As an initial matter, it is not clear that the December 19 Order constitutes a final judgment. That order disposed of three of Plaintiff's seven counts, and the Court is not convinced that the remaining four counts constitute separate claims for the purposes of Rule 54(b).  "The word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts." <u>CMAX, Inc. v. Drewry Photocolor Corp.</u>, 295 F.2d 695, 697 (9th Cir. 1961).  Thus, Rule 54(b) certification is inappropriate where "[t]he 'claims' stated in the complaint are really but one claim, stated in two ways, for the purpose of presenting two legal theories of recovery." <u>Id.</u>

Here, in ruling on Plaintiff's Counts I and II, the Court determined that the Policy's unlawful advantage exclusion and California Insurance Code section 533 bar coverage for the $6.49 million judgment rendered in the <u>Straitshot</u> action.  But the Court has yet to rule on Counts VI, VII, or VIII, and thus, has yet to determine the allocation between amounts covered and uncovered by the Policy (including defense costs) or whether Plaintiff is entitled to reimbursement from the Telekenex Defendants.  It may be that the Court's ruling on Plaintiff's Counts I and II has a dispositive impact on Plaintiff's Counts VI, VII, and VIII, at least with respect to the $6.49 million judgment, but the parties have yet to fully brief that issue.

In any event, certifying the December 19 Order pursuant to Rule 54(b) would unquestionably result in a piecemeal appeal.

1   Plaintiff's Counts I and II are interrelated with their requests

2   for reimbursement.  Counts I and II are also interrelated with

3   Defendants counterclaims for breach of contract, bad faith, and

4   negligence, which are based on identical facts and raise similar

5   legal issues.  Thus, a Rule 54(b) certification would result in an

6   appeal of facts and legal issues inextricably intertwined with

7   matters that are still pending before the Court.  If the Court were

8   to rule on these pending issues and either party appealed, the

9   Ninth Circuit would need to address substantially similar issues

10  for a second time.  This is the kind of piecemeal appeal that Rule

11  54(b) is intended to prevent.  See CMAX, 295 F.2d at 697 (contrary

12  to good judicial administration "to have both [the Ninth Circuit]

13  and the district court simultaneously passing upon what is in

14  substance the identical claim, [the Ninth Circuit] dealing with one

15  theory, but basically the same facts").

16      The Telekenex Defendants argue that their right to coverage

17  for indemnity has been finally resolved by the Court's decision on

18  Plaintiff's Counts I and II.  Reply at 3.  However, they do not

19  address how their still-pending counterclaims might ultimately

20  affect their right to coverage.  The Telekenex Defendants also

21  suggest that a Rule 54(b) certification will streamline the process

22  because if the Ninth Circuit reverses the December 19 Order, Axis's

23  Counts VII and VIII will never be litigated.  Id.  Even if this

24  were the case -- and it remains unclear that it is -- the Telekenex

25  Defendants once again ignore their pending counterclaims.  The

26  Telekenex Defendants' argument also assumes that the Court's

27  December 19 Order will be reversed and that the reversal will be

28  filed prior to the date currently set for trial.  If either of

these assumptions proves incorrect, then a Rule 54(b) certification would likely create more work for the federal courts, not less. Additionally, staying the trial pending an appeal of the December 19 Order could further delay the final disposition of this entire matter.

**V.   CONCLUSION**

For the foregoing reasons, the Court finds that there are just reasons to delay the Telekenex Defendants' appeal of the Court's December 19 Order.  Accordingly, the Telekenex Defendants' Rule 54(b) Motion is DENIED.

IT IS SO ORDERED.

Dated: April 24, 2013

UNITED STATES DISTRICT JUDGE